UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THE ELEVANCE HEALTH COMPANIES, INC.,

Plaintiff,

-v-

HAMASPIK CHOICE, INC. et al.,

Defendants.

26-CV-6361 (JMF)

ORDER

JESSE M. FURMAN, United States District Judge:

As discussed on the record during the conference held yesterday, Defendants shall (1) not use, disclose, transmit, copy, delete, destroy, or modify any information or documents containing information belonging to or concerning Elevance Health, if any, in their possession, custody, or control; and (2) preserve all documents, communications, electronically stored information, devices, accounts, repositories, cloud-storage locations, email accounts, messaging applications, removable media, logs, and other materials that contain, or may contain, relevant documents, communications, or information related to this action. *See* ECF No. 25, ¶¶ 3-4.

Additionally, unless and until the Court orders otherwise, the parties shall conduct limited discovery with respect to Plaintiff's anticipated motion for a preliminary injunction to be completed no later than **October 29, 2026** (forty-five days from yesterday's conference). In the case of discovery disputes, parties should follow Local Civil Rule 37.2 with the following modifications. Any party wishing to raise a discovery dispute with the Court must first confer in good faith with the opposing party, in person or by telephone, in an effort to resolve the dispute. If this meet-and-confer process does not resolve the dispute, the party shall, in accordance with the Court's Individual Rules and Practices in Civil Cases, promptly file a letter-motion, no longer than three pages, explaining the nature of the dispute and requesting an informal conference. Any letter-motion seeking relief must include a representation that the meet-and-confer process occurred and was unsuccessful. Any opposition to a letter-motion seeking relief shall be filed as a letter, not to exceed three pages, within three business days. Counsel should be prepared to discuss with the Court the matters raised by such letters, as the Court will seek to resolve discovery disputes quickly, by order, by conference, or by telephone. Counsel should seek relief in accordance with these procedures in a timely fashion; if a party waits until near the close of discovery to raise an issue that could have been raised earlier, the party is unlikely to be granted the relief that it seeks, let alone more time for discovery.

The parties shall promptly confer with respect to the scope of the aforementioned limited discovery and, **no later than September 17, 2026**, file a joint letter that: (1) indicates whether they have reached agreement on the scope and timing of such discovery or, if not, the matters in

dispute; (2) indicates whether they believe a preliminary injunction hearing will be necessary in this matter, their availability for such a hearing **in the two months following their proposed deadline for any reply**, and how long they expect the hearing would be; and (3) proposes deadlines for (a) the briefing of Plaintiff's anticipated motion for a preliminary injunction (to which Defendants shall, unless the Court orders otherwise, respond jointly) and (b) a Joint Pre-Hearing Order, including any and all information relevant to the hearing referenced in the Court's Individual Rules and Practices in Civil Cases (http://nysd.uscourts.gov/judge/Furman) with respect to Joint Pre-Hearing Orders.

By **the deadline for the filing of the Joint Pre-Hearing Order**, the parties shall also:

1. Each file Proposed Findings of Fact and Conclusions of Law. As there may be no opportunity for post-hearing submissions, the Proposed Conclusions of Law shall include all law that the parties wish to submit to the Court and the Proposed Findings of Fact should be detailed and should include citations to the proffered hearing testimony and exhibits. **The parties may not submit additional memoranda of law (before or after trial) without leave of Court.**

2. Each serve, *but not file*, affidavits constituting the direct testimony of each trial witness, except for the direct testimony of an adverse party, a person whose attendance is compelled by subpoena, or a person for whom the Court has agreed to hear direct testimony live at the hearing. Witness affidavits are subject to the same rules and restrictions as would apply in the case of live testimony (i.e., they are a direct substitute for the live direct testimony), so the parties should be diligent in complying with all applicable Rules of Evidence, including but not limited to the rules regarding hearsay, personal knowledge, and proper foundation (e.g., as to any evidence offered in connection with the witness's direct testimony). Additionally, Rule 615 of the Federal Rules of Evidence applies to the witness affidavits just as it would if the witnesses were providing live testimony in open court. That is, fact witnesses may not read any affidavit of another witness (unless and until the Court grants leave to do otherwise in accordance with Rule 615). It is counsel's obligation to ensure that witnesses are aware of, and comply with, that rule.

3. Each serve, *but not file*, all deposition excerpts that will be offered as substantive evidence, as well as a one-page synopsis (with transcript citations) of those excerpts for each deposition.

4. Each provide the Court with an electronic copy of each exhibit sought to be admitted (with each filename corresponding to the relevant exhibit number — e.g., "PX-1," "DX-1," etc.). If the files are too large for submission by email, the parties shall use the Court's file transfer protocol in accordance with Paragraph 1(C) of the Court's Individual Rules and Practices in Civil Cases. If submission of electronic copies would be an undue burden on a party, the party may seek leave of Court (by letter-motion filed on ECF) to submit prospective documentary exhibits in hard copy. The parties shall also provide, by e-mail to the Court (Furman_NYSDChambers@nysd.uscourts.gov), a Microsoft Word document listing all exhibits sought to be admitted. The list shall contain four columns labeled as follows: (1) "Exhibit Number"; (2) "Description" (of the exhibit); (3) "Date

Identified"; and (4) "Date Admitted." The parties shall complete the first two columns, but leave the third and fourth columns blank, to be filled in by the Court during the hearing.

Additionally, within **three business days of the submission of the witness affidavits discussed above**, each side shall file a list of all affiants it intends to cross-examine at the hearing. Only those witnesses who will be cross-examined need to appear at the hearing. The original signed affidavits should be brought to the hearing to be marked as exhibits.

Finally, within **one week of the submission of the witness affidavits discussed above**, each side shall file, with respect to each direct testimony affidavit submitted by the opposing side, a chart with three columns: (1) listing any paragraph number of the affidavit to which the side objects; (2) the text of the paragraph subject to objection; and (3) the basis for the objection (e.g., "hearsay," "lack of personal knowledge," "foundation," "relevance," etc.).

SO ORDERED.

Dated: September 15, 2026
New York, New York

JESSE M. FURMAN
United States District Judge