**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

THE ELEVANCE HEALTH COMPANIES, INC.,

Plaintiff,

v.

HAMASPIK CHOICE, INC., ESTHER ELEFANT, ADAM KOEGEL, VLADIMIR ROBU, YARITZA CASTILLO, and CHEDVA FOX,

Defendants.

CASE NO. 1:26-cv-06361

**STIPULATION, PROTECTIVE ORDER AND HIPAA QUALIFIED PROTECTIVE ORDER PURSUANT <u>TO 45 C.F.R. § 164.512(e)</u>**

WHEREAS, the Parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored Protective Order and HIPAA Qualified Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and 45 C.F.R. § 164.512(e)(1)(ii), it is hereby

ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1. Definitions

**1.1 "Confidential Information."** "Confidential Information" means non-public information that constitutes or contains information that is:

(a) confidential, sensitive, competitive, or potentially invasive of an individual's privacy interests;

(b) not generally known in the context or form as known by the producing party;

(c) not normally revealed to the public or third parties or, if disclosed to third parties, is such that the producing party would require such third parties to maintain the information in confidence;

(d) information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed per Federal Rule of Civil Procedure 26(c);

(e) "Protected Health Information" ("PHI") as that term is defined by 45 CFR § 160.103 and 164.501, that is produced, disclosed, or exchanged by any party or non-party covered entity in the course of this litigation; or

(f) material that constitutes personnel information including compensation and terms and conditions of employment, business policies or procedures, communications or documents not normally revealed to the public or third parties, as well as other such information to which the receiving party would not have access, but for this litigation.

**1.2 "Confidential – Attorneys' Eyes Only" Information or Materials.** A party may designate any Confidential Information "Confidential – Attorneys' Eyes Only" where that material constitutes or discloses Confidential Information, the disclosure of which the producing party reasonably and in good faith believes would be especially detrimental or harmful to the producing party if disclosed beyond the limited class of permitted recipients as specified herein. "Confidential – Attorneys' Eyes Only" information or materials is a subset of Confidential Information and includes, but is not limited to:

(a) trade secrets, including but not limited to proprietary methodologies, processes, techniques, know-how, and compilations of information that derive independent economic value from not being generally known;

(b) training materials, training curricula, training programs, instructional content, onboarding documentation, and related educational materials developed for internal use;

(c) product or program analyses, competitive analyses, market assessments, product performance data, product or program specifications, and product or program roadmaps;

(d) member and member information, including member identities, member contact information, member lists, member compilations, member-specific configurations, member deployment information, member data, and member relationship information;

(e) provider and provider information, including provider contact information, provider lists, provider-specific configurations, provider deployment information, provider data, and provider relationship information;

(f) pricing data, pricing models, pricing strategies, discount structures, cost data, bid information, proposals, revenue data, and fee arrangements;

(g) sensitive financial information, business plans and/or forecasts, market research, internal financial analyses, and non-public financial statements;

(h) information subject to a confidentiality obligation owed by the producing party to a third party or subject to a confidentiality order in other litigation.

2. Counsel for any party may designate any document or information, in whole or in part, as "Confidential" or "Confidential – Attorneys' Eyes Only" if counsel determines, in good faith, that such material meets the applicable definition in Section 1.2 or Section 1.3. Information and documents so designated will be stamped "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," as applicable. All PHI disclosed by any Party or non-party shall be designated Confidential.

3. The Confidential and Confidential – Attorneys' Eyes Only Information disclosed will

be held and used by the person or Party receiving such information solely for use in connection with this action, including any appeals.

4. In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

5. Documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

(a) The requesting party and counsel;

(b) Employees of such counsel assigned to and necessary to assist in the litigation;

(c) Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

(d) Any author or recipient of the document;

(e) A deponent or witness to the extent it is necessary to prepare the deponent or witness for sworn testimony in this action; and

(f) The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

6. Documents designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall not be disclosed to any person, except:

(a) Outside counsel for the parties and one designated in-house counsel at Elevance Health, who shall execute and submit to the Parties the form attached as Exhibit A hereto;

(b) Employees of such counsel assigned to and necessary to assist in the litigation;

(c) Experts retained to testify in the matter, to the extent deemed necessary by counsel;

(d) Any author or recipient of the document; and

(e) The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

(f) Any Individual Defendant but only to the extent any document designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" was a document that belongs to Elevance Health that the Individual Defendant sent to him or herself before resigning their Elevance Health employment and/or retained after their employment ended.

7. Before disclosing or displaying the Confidential Information to any person, counsel

must:

(a) Inform the person of the confidential nature of the information or documents;

(b) Inform the person that this Court has prohibited the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

(c) Require each such person to sign an agreement to be bound by this Order in the form attached as Exhibit A.

8. The disclosure of a document or information without designating it as "Confidential" or "Confidential – Attorneys' Eyes Only" shall not constitute a waiver of the right to so designate such document or information. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Stipulation and Order.

9. Any Personally Identifying Information ("PII") (*e.g.*, social security numbers, financial account numbers, passwords, and information that may be used for identity theft) may be redacted by the producing party and, to the extent PII is disclosed, shall be maintained by the receiving party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. The producing party may specify the minimal level of protection expected in the storage and transfer of its information. In the event the party who received PII experiences a data breach, it shall immediately notify the producing party of same and cooperate with the producing party to address and remedy the breach. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

10. Any PHI disclosed in this matter shall be maintained by the receiving party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. The producing party may specify the minimal level of protection expected in the storage and transfer of its information. In the event the party who received PHI experiences a data breach, it shall immediately notify the producing party of same and cooperate with the producing party to address and remedy the breach. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PHI from unauthorized disclosure.

11. Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

12. Notwithstanding the designation of information as "Confidential" or "Confidential – Attorneys' Eyes Only" in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures for requests for filing under seal.

13. At the conclusion of litigation, inclusive of any and all appeals, Confidential

Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

14. Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena.

15. The terms of this HIPAA Qualified Protective Order that relate to the production and protection of PHI shall survive and remain in full force and effect after the termination of this litigation.

SO STIPULATED AND AGREED:

**REED SMITH LLP**

*/s/ Adam R. Roseman*
James N. Boudreau
Adam R. Roseman
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
Telephone: (215) 851-8102/8103
Fax: (215) 851-1420
Email: jboudreau@reedsmith.com;
aroseman@reedsmith.com

*Counsel for Plaintiff*
*The Elevance Health Companies, Inc.*

**GARFUNKEL WILD, P.C.**

*/s/ Colleen Tarpey*
Andrew Zwerling
Colleen Tarpey
Robert Rothman
900 Stewart Avenue, 4th Floor
Garden City, NY 11530
Telephone: (516).457.8003; (516).297-9129;
(516).393.32256
Fax: (516).393.2536
Email: azwerling@garfunkelwild.com
ctarpey@garfunkelwild.com
rrothman@garfunkelwil.com

*Attorneys for Defendant Hamaspik, Inc. and*
*Hamaspik Choice, Inc.*

**ALLEGAERT BERGER & VOGEL LLP**

*/s/ David A. Berger*

David A. Berger
Charles S. Hennessy
111 Broadway, 20th Floor
New York, NY 10006
Telephone: (212).571.0550
Fax: (212).571.0555
Email: dberger@abv.com
chennessy@abv.com

*Attorneys for Defendant Esther Elefant*, *Adam Koegel*, *Vladimir Robu*, *Yaritza Castillo, and Chedva Fox*

SO ORDERED:

Hon. Jesse M. Furman

Dated: October 30, 2026

This stipulation binds the parties to treat as confidential the documents so classified. This Court, however, has not reviewed the documents referenced herein; therefore, by so ordering this stipulation, the Court makes no finding as to whether the documents are confidential. That finding will be made, if ever, upon a document-by-document review pursuant to the procedures set forth in the Court's Individual Rules and Practices and subject to the presumption in favor of public access to "judicial documents." See generally Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-20 (2d Cir. 2006). To that end, the Court does not "so order" any provision to the extent that it purports to authorize the parties to file documents under seal without a prior court order. See New York ex rel. Khurana v. Spherion Corp., No. 15-CV-6605 (JMF), 2019 WL 3294170 (S.D.N.Y. July 19, 2019).

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| THE ELEVANCE HEALTH COMPANIES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>HAMASPIK CHOICE, INC., ESTHER ELEFANT, ADAM KOEGEL, VLADIMIR ROBU, YARITZA CASTILLO, and CHEDVA FOX,<br><br>Defendants. | CASE NO. 1:26-cv-06361<br><br>**NON-DISCLOSURE AGREEMENT** |

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled *The Elevance Health Companies, Inc. v. Hamaspik Choice, Inc., et al.*, Case No. 1:26-cv-06361, have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" are confidential by Order of the Court. I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

Dated: ______________
Signed in the presence of:

________________________________
(Attorney)

________________________________